CHRISTOPHER P. BURKE, ESQ.  ECF Filed on 4/23/20
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | Case No.: 13-12466-MKN |
| WILLIE N. MOON, and ADNETTE M. GUNNELS-MOON | Chapter 13 |
| Debtors. | Date: N/A<br>Time: N/A |

**RESPONSE TO RUSHMORE'S OBJECTION TO PROPOSED ORDER AND ALTERNATIVE PROPOSED ORDER**

COMES NOW, Debtors, Willie N. Moon and Adnette M. Gunnels-Moon, jointly ("the Moons"), in Response to Creditor, Rushmore Loan Management Services, LLC ("Rushmore"), Objection to Proposed Order and Alternative Proposed Order.

**Detailed Response to Objection**

In a strange twist, Rushmore, whose opposition failed to oppose, or even address the Moons FRBP 5009(d) request,[1] now seeks to control the order being submitted. By doing so, not only is Rushmore again delaying the Moons ability to free up their property, its two objections are incorrect. First, Rushmore argues that this Court did not "grant" the Moons "motion in part". (Obj. p.2, ln.3 and 6). And second, that it is not "Rushmore's" lien (Obj. p.2, ln.2-6). As shown below, both objections fail.

It should come as no surprise, that without any opposition, this Court specifically stated that "partial relief is granted" to the Moons FRBP 5009(d) request:

---

1. See Dkt.#205

1

| | | |
|---|---|---|
| 1 | THE COURT: | All right. So as to that **part of the relief**, I assume, Mr. Burke, you would want at least that **partial relief granted** as soon as possible so you could record the order. Is that fair to say? |
| 2 | | |
| 3 | | |
| 4 | MR. BURKE: | Yes, Your Honor. |
| 5 | THE COURT: | Okay. Ms. Winslow, do you have any objection to Mr. Burke submitting an order **granting that aspect of the relief**, and would you want to sign off since your client isn't involved? |
| 6 | | |
| 7 | MS. WINSLOW: | Yeah. I would want to sign off on it. I do not have an objection to that part of his request. |
| 8 | | |
| 9 | THE COURT: | Okay. All right. Mr. Burke, go ahead and prepare that part of the request and submit it forthwith. |

(E. 'A'-Trans. p.3 ln.2-14) (emphasis added).

 Thus, that portion of the Moons proposed order is correct.

 Second, throughout this proceeding, the second mortgage on the Moons home has constantly been referred to as Rushmore's lien. Initially, in the Moons motion to avoid lien (Dkt.#29, p.5, ln.3-5). Then, the corresponding order avoiding lien (Dkt. #34, p.1, ln.18-19 and p.2, ln.4-5). Also, Rushmore's own policies and procedures manuel refer to *its* lien.

**Junior Lien Procedures**

In the event a Motion to Stip Value, Void Lien, Motion to Void, etc. is received, the bankruptcy specialist will notify the Investor to determine if we should proceed with the Agreed Order including, but not limited to:

· *Servicer* agrees to the avoidance of **its** junior lien on the condition that the Debtors complete their Chapter 13 Plan and receive a Chapter 13 discharge.

· *Servicer* retains **its** lien on any surplus proceeds from a potential foreclosure sale by the senior lien holder prior to the Debtors' completion of their Chapter 13 Plan and entry of their Chapter 13 discharge.

— — —

· Should the debtor convert or be dismissed from their main bankruptcy case, the lien will be reinstated.

— — —

2

( Tr. Ex.'19' p. 825 (Policy and Procedures Manual p.93) (Sealed)) (Emphasis added).

In addition, the Moons also referred to it as such at trial, with no objection by Rushmore (Dkt.#152, p.49, ln.11-15, p.115, ln.1-11 and p.144, ln.20-24) Even the Courts memorandum noted the Moons description of Rushmore lien (Dkt.#157 p.20, ln.20-21, p.23, ln.3 and p.47, ln.24-25). Thus, it makes sense that this Court's memorandum also refers to the lien as Rushmore's lien on several occasions (Dkt. #157, p.4, ln.28, p.49, ln.17-20, and 22-24 and p.54, ln. 1-2, 5-8 and 11-12). Finally, the Moons second motion for contempt used this language (i.e. Rushmore's lien).[2] And naturally, the Moons reply requested confirmation regarding Rushmore's lien.[3]

So, without any written opposition by Rushmore and to be consistent and not confuse title companies, the Moons have logically continued that wording. Therefore, the Moons proposed language is appropriate for this order. Thus, their version of the order should be the one the Court approves.

DATED this 23rd day of April 2020.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987

---

2. Dkt.#180, p13, ln.5-6 and p.14, ln.1).
3. Dkt. #211, p.7, ln.4-6

## Certificate of Service

I hereby certify that on the 23rd day of April, 2020, I caused the above and foregoing RESPONSE TO RUSHMORE'S OBJECTION TO PROPOSED ORDER AND ALTERNATIVE PROPOSED ORDER to be sent by electronic notice and/or depositing same in the United State Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last know address of the following:

Natalie L. Winslow, Esq.
Nevada Bar No. 12125
Ariel E. Stern, Esq.
Nevada Bar No. 8276
Lilith Vala Xara, Esq.
Nevada Bar No. 13138
Jamie K. Combs, Esq.
Nevada Bar No. 13088Akerman LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
(702) 634-5000
Facsimile (702) 380-8572
natalie.winslow@akerman.com
ariel.stern@akerman.com
jamie.combs@akerman.com


/S/ Adriana Pelayo
Employee of
Christopher P. Burke, Esq.